UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RICKY VAN COX,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　NO. 1:05-CV-333
　　　　　　　　　　　　　　　　　)
JACK MORGAN, Warden, and　　　　)
STATE OF TENNESSEE,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Respondents.　　　　　　　)

## **MEMORANDUM and ORDER**

This *pro se* Tennessee prisoner, currently serving a life sentence for a first-degree-murder conviction, filed a petition pursuant to 28 U. S. C. § 2241, seeking to have a particular state court decision vacated and his state post-conviction case remanded for a full evidentiary hearing. The appropriate mode of relief for state prisoners to contest the legality of their sentence is to file an application for a writ of habeas corpus under 28 U.S.C. § 2254, *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), not under § 2241.

Therefore, because Petitioner did not indicate clearly that he wished to attack his conviction because the record did not disclose whether he was even eligible to pursue a § 2254 challenge, the Court directed the Clerk to mail him a preprinted form petition used to file § 2254 habeas corpus actions. The Court also gave the following warning:

> If within thirty days from the date on this order, the Petitioner has not submitted a completed § 2254 application, this case will be **DISMISSED** without prejudice.

(Court File No. 3, Order of December 3, 2005).

Though it is well past the thirty-day time period established in the order, the Petitioner has not submitted a completed habeas corpus petition under § 2254, nor otherwise responded to the order. Accordingly, this case will be **DISMISSED** without prejudice by a separate order.

The Petitioner's motion to appoint counsel is **DENIED** as **MOOT** (Court File No. 2).

Finally, in view of the foregoing discussion, the Petitioner is **DENIED** issuance of a certificate of appealability because he has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). This is because reasonable jurists would not find the procedural ruling debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**SO ORDERED.**

**ENTER**:

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**